**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HECTOR LUIS CLASEN,** | **Civil Action No. 24-5693 (SDW-MAH)** |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **NEW JERSEY STATE PAROLE BOARD, et al.,** | |
| **Defendants.** | |

**IT APPEARING THAT:**

1.  On or about April 25, 2024, Plaintiff Hector Luis Clasen, a convicted and sentenced state prisoner confined in Bayside State Prison in Leesburg, New Jersey, filed a pro se civil rights complaint, alleging civil rights claims under 42 U.S.C. § 1983 against John Doe Defendants from the New Jersey State Parole Board, Kintock Management Group, and Hudson County Jail.  (ECF No. 1).  Plaintiff subsequently filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a), which establishes his financial eligibility to proceed without prepayment of the filing.  (ECF No. 3).

2.  Because Plaintiff's IFP application will be granted, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

3. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff,'" disregard any legal conclusions, and then determine whether the plaintiff may be entitled to relief "'under any reasonable reading of the complaint.'"  *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d. Cir. 2009)).

4. For his claims against the John Doe Kintock Group Management Defendants, Plaintiff merely alleges "slip and fall and locker injury" on December 20, 2023.  For his claims against John Doe New Jersey Parole Board Defendants, Plaintiff alleges "Parole officers pre act [sic] while in their custody" on March 13, 2024.  For his claims against John Doe Hudson County Jail Officers, Plaintiff alleges they failed to call a medical code when Plaintiff suffered shortness of breath and chest pain.  Plaintiff further states:

> Please help me with my claims.  Hudson County Jail needs to stop harassing me and discriminating against me.  Parole of New Jersey is also just doing whatever they want with people violating us as human beings[;] their [sic] covering up my injuries[,] lying on me[,] saying its [sic] a physical altercation when its [sic] not.

(ECF No. 1 at 6) (alterations added).

5. Plaintiff's slip and fall claim sounds in negligence, a state tort claim that may only be asserted in federal court if there is some other basis for jurisdiction, such as diversity of citizenship or supplemental jurisdiction.  *See Lyon v. Whisman*, 45 F.3d 758, 762 (3d Cir. 1995)  (discussing federal court jurisdiction over state tort law claims).  Negligence does not rise to the level of a Constitutional violation.  *See*, *e.g.*, *Davis v. Superintendent Somerset SCI*, 597 F. App'x 42, 46 (3d Cir. 2015) (finding plaintiff, who slipped and fell on ice outside his prison housing unit, failed to state a constitutional claim for failure to protect his safety).  This claim will be dismissed without prejudice.

6.   To establish an Eighth Amendment claim of inadequate medical care, a prisoner must allege that he has a serious medical need, and that the defendants were deliberately indifferent to that need.  *Spruill v. Davis*, 372 F.3d 218, 235-36 (3d Cir. 2004).  To plead such a claim against non-medical prison officials, a plaintiff must allege facts showing that the denial of a reasonable request for medical treatment exposed the inmate to undue suffering or tangible residual injury.  *Id.* at 235.   Plaintiff has not alleged what occurred after Defendants allegedly ignored his complaints of chest pain and shortness of breath, in other words, how did the John Doe Defendants subject him to undue suffering or tangible residual injury.  Plaintiff has not alleged whether he suffered an injury subsequent to the defendants' alleged refusal to get medical attention for him. These claims will be dismissed without prejudice.

7.   Plaintiff's vague allegations of harassment and discrimination fail to state a claim against the John Doe Hudson County Jail Officer Defendants.  Plaintiff has not alleged how and when the defendants harassed and discriminated against him or the basis for the discrimination. These claims will also be dismissed without prejudice.  *See e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 882 (2009) (conclusory allegations of discrimination fail to state a plausible claim for relief).

8.  Plaintiff does not allege sufficient facts for this Court to determine what happened while Plaintiff was allegedly in the custody of the New Jersey Parole Board, or how the John Doe Defendants violated Plaintiff's constitutional rights.   These claims will be dismissed without prejudice.  If Plaintiff chooses to file an amended complaint, he should explain how each defendant personally violated his constitutional rights.

9.  In conclusion, this Court will grant Plaintiff's IFP application and dismiss the complaint without prejudice.

An appropriate order follows.


DATE: ___May 21, 2024_____, 2024

Hon. Susan D. Wigenton,
United States District Judge